UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

RICHARD JACKSON,

                Petitioner,                              Case No. 1:21-cr-12620

v.                                                      Honorable Thomas L. Ludington
                                                                 United States District Judge

WARDEN HEMINGWAY,

                Respondent.

_____/

**OPINION AND ORDER DISMISSING AS MOOT HABEAS CORPUS PETITION**

On October 27, 2021, while imprisoned at FCI Milan in Milan, Michigan, Petitioner Richard Jackson filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. He was challenging his criminal convictions in Case No. 2:16-cr-20799. ECF No. 1. He did not pay the $5.00 filing fee or file an application to proceed *in forma pauperis*, so he was directed to correct the deficiency by December 7, 2021. ECF No. 2. He did not respond. Now Petitioner is deceased, rendering the habeas petition moot. Thus, this case will be dismissed.

The Federal Bureau of Prisons (BOP) maintains a publicly accessible Inmate Locator Service. See https://www.bop.gov/inmateloc/. This Court may take judicial notice of the Inmate Locator Service. *See Marshek v. Eichenlaub*, 266 F. App'x 392, 392 (6th Cir. 2008) (unpublished) (per curiam) (taking judicial notice of inmate transfer and affirming *sua sponte* dismissal); *see also Thomas v. Eichenlaub*, No. 06-CV-13707, 2008 WL 2325613, at *1 (E.D. Mich. June 2, 2008) (citing FED. R. EVID. 201(c)) (other citation omitted). A search for Petitioner under his BOP Register Number indicates his status as deceased as of March 17, 2022.

"Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question." *Demis v. Sniezek*,

558 F.3d 508, 512 (6th Cir. 2009). If a writ of habeas corpus would not affect a petitioner's term of custody or would impose no collateral legal consequences, there is no justiciable case or controversy within the meaning of Article III. *See Ayers v. Doth*, 58 F. Supp. 2d 1028, 1034 (D. Minn. 1999).

Petitioner's death renders his pending habeas petition moot because it eliminates any "live case or controversy." *See Claiborne v. United States*, 551 U.S. 87 (2007) (per curiam) (vacating circuit-court judgment as moot due to death of petitioner (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950))); *see also Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (collecting cases that hold that a habeas petition is rendered moot by the petitioner's death); *Rosa v. Rewerts*, No. 1:18-CV-940, 2020 WL 132374, at *1 (W.D. Mich. Jan. 13, 2020) (collecting cases that establish that mootness and lack of jurisdiction following a habeas petitioner's death).

Accordingly, it is **ORDERED** that the Petition for a Writ of Habeas Corpus, ECF No. 1, is **DENIED AS MOOT**.

Further, it is **ORDERED** that a Certificate of Appealability is **DENIED**, as reasonable jurists could not debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000).

Further, it is **ORDERED** that the case will be **DISMISSED**. A separate judgment dismissing the case will follow this Order.

Dated: April 6, 2022    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge